IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

CRAIG GENIER,

                                Plaintiff,

    vs.                             Civil Action No.
                                        8:08-CV-1039 (DEP)

MICHAEL J. ASTRUE,

                                Defendant.

---

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF

SCHNEIDER LAW OFFICE          MARK A. SCHNEIDER, ESQ.
57 Court Street
Plattsburgh, NY 12901

FOR DEFENDANT

HON. ANDREW BAXTER            KRISTINA D. COHN, ESQ.
Acting United States Attorney     Special Assistant
Northern District of New York
100 S. Clinton Street
P.O. Box 7198
Syracuse, New York   13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner,

pursuant to 42 U.S.C. § 405(g), are cross-motions for judgment on the pleadings.[1] Oral argument was conducted in connection with those motions on September 15, 2009 during a telephone conference which was both digitally recorded, and at which a court reporter was also present. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, and that the plaintiff failed to establish good cause for the submission of new evidence following the issuance of the Commissioner's determination, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in his appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is incorporated herein by reference, it is hereby

ORDERED, as follows:

---

[1] This matter has been treated in accordance with the procedures set forth in General Order No. 18 (formerly, General Order No. 43) which was issued by the Hon. Ralph W. Smith, Jr., Chief United States Magistrate Judge, on January 28, 1998, and subsequently amended and reissued by Chief District Judge Frederick J. Scullin, Jr., on September 12, 2003. Under that General Order an action such as this is considered procedurally, once issue has been joined, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

-2-

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is directed to enter judgment, based upon this determination, dismissing plaintiff's complaint in its entirety.

_____
David E. Peebles
U.S. Magistrate Judge

Dated: September 22, 2009
       Syracuse, NY

1    THE COURT:  I've reviewed the record carefully.  In
2 light of the arguments of counsel and what counsel has
3 presented in their briefs, turning first to the question of
4 Dr. Hixson's letter stating to the effect that plaintiff is
5 unable to perform any work and was unable to perform any work
6 during the relevant period.
7    I've applied the prevailing standard under *Tirado*
8 and other similar cases.  In determining whether such
9 evidence should be admitted, despite the fact that it was not
10 before the administrative agency, clearly, the first and
11 second prongs of the relevant test could, I suppose it could
12 be argued were met.  The evidence is new.  It's certainly not
13 cumulative because it's not consistent with anything that
14 Dr. Hixson has specifically opined in the past.  It's
15 relevant to the period in question, undoubtedly, but I find
16 that the plaintiff has not met the good cause requirement,
17 which is one of three requirements under *Tirado*.  I reject
18 the argument that the administrative law judge was under a
19 duty to recontact Dr. Hixson.
20    I have reviewed the record.  It appears to have
21 been fully developed.  Dr. Hixson's reports of his treatment
22 of the plaintiff are included in the record.  I would agree,
23 perhaps, that he should have been recontacted if there was no
24 evidence in the record from any treating source concerning
25 plaintiff's capacity, but that's not the situation in this

1  case.
2          Turning to the merits.  I've applied the requisite
3  deferential standard which requires me to determine whether
4  proper legal principles were applied and whether the result
5  is supported by substantial evidence.  Clearly, the relevant
6  inquiry is not whether I would have arrived at the same
7  determination had I been presented with this record.
8          Looking first at the plaintiff's credibility and
9  the ALJ's rejection of his testimony concerning limitations,
10 I find that it is properly explained and that it is supported
11 by the record.  The record belies plaintiff's claims
12 concerning significant limitations.  It shows that he has
13 normal gait, full range of motion, full and bilaterally equal
14 strength in upper and lower quadrants.  He is able to climb
15 stairs.  He has a wide range of daily activities; and, so, I
16 find that the credibility determination of the administrative
17 law judge is supported and was properly explained.
18         Turning to residual functional capacity.
19 Physician's assistant Jensen, though not a doctor, is a
20 treating professional who has literally opined that plaintiff
21 suffers from few, if any, limitations, despite his morbid
22 obesity and sleep apnea and breathing conditions, as well as
23 his knee condition.  The RFC is supported by substantial
24 evidence, including the consultative report of Dr. Wassef.
25 And, as I said before, morbid obesity in and of itself is no

```
 1   longer a presumptively disabling condition.  Rather, it is
 2   the effect of the obesity on limiting capacity and in
 3   combination with other impairments that has to be considered.
 4   And this case, despite his significant, and I would tend to
 5   agree with Mr. Schneider, probably the most severe case of
 6   obesity that I have seen, despite that, the objective
 7   evidence does not support the corresponding limitations that
 8   he claims.
 9              In terms of application of the grid, there's
10   indication that plaintiff suffers to some degree from chronic
11   pain; but I do not find anything in the record that suggests
12   to me that the level of pain which he suffers is sufficient
13   to erode the job base upon which the grid is predicated; and,
14   therefore, I conclude that the administrative law judge was
15   not required to engage the testimony of a vocational expert
16   in order to make the step five determination at which the
17   commissioner obviously retains the burden of proof.
18              So, I will grant defendant's motion for judgment on
19   the pleadings and will enter judgment dismissing plaintiff's
20   complaint in this action.  I will append a copy of the
21   transcript of my decision to that order and then
22   Mr. Schneider can, if he so chooses, appeal my determination.
23
24
25
```